**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CASE NUMBER:**

| | |
|---|---|
| Progressive Direct Insurance Company<br><br>Plaintiff,<br><br>v.<br><br>William Rabsatt,<br><br>Defendants. | Civil Action No. 2:26-cv-01775-RMG<br><br>**COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-Jury)** |

Progressive Direct Insurance Company (hereinafter "Progressive"), seeks declaratory relief to determine the rights of the parties, and alleges and shows as follows:

### JURISDICTION AND VENUE

1.     Plaintiff Progressive Direct Insurance Company is an insurance company organized and existing pursuant to the laws of Ohio, with its principal place of business in Ohio.

2.     Upon information and belief, Defendant William Rabsatt is a citizen and resident of Charleston County, South Carolina.

3.     Upon information and belief, a substantial part of the events or omissions giving rise to this claim occurred in Charleston County, South Carolina.

4.     This matter is brought in part pursuant to Rule 57 of the Federal Rules of Civil Procedure and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; there is a real or justiciable controversy between the parties, and by these proceedings Plaintiff asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

5.     Venue is proper in this Division and this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) as, upon information and belief, one or more defendants reside in this Division and a substantial part of the events or omissions giving rise to the claim occurred in this Division.

6.     The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship. Therefore, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a)(1).

**FACTS**

7.     On January 13, 2026, William Rabsatt filed a Summons and Complaint against Stefan Arnaud and Jean Arnaud in the Charleston County Court of Common Pleas, civil action number 2026-CP-100174, alleging causes of action for negligence, gross negligence, negligence per se, and negligent entrustment against these defendants for injuries arising from an auto accident which occurred on April 13, 2023.

8.     Progressive Direct Insurance Company ("Progressive") issued a personal auto policy, policy number 964806132, to William Rabsatt with effective dates from January 17, 2023, to July 17, 2023 ("William's Policy"). William's Policy listed one (1) insured vehicle, a 2007 Jeep Wrangler, VIN 1J4GA39167L200022, with liability and uninsured motorist ("UM") coverage limits of $25,000 each person and $50,000 each accident for bodily injury and $25,000 each accident for property damage. A complete and accurate copy of the Policy is attached hereto as Exhibit A.

9.     On January 5, 2023, William Rabsatt filled out a policy application, wherein he rejected underinsured ("UIM") coverage under the Policy. A complete and accurate copy of the

Policy Application including the signed Selection/Rejection Form is attached hereto as Exhibit B.

10.     Upon information and belief, William Rabsatt resided with his mother, Christina Wenk-Rabsatt, at the time of the April 13, 2023, auto accident.

11.     Progressive also issued a personal auto policy to Christina Wenk-Rabsatt, policy number 964779949, with effective dates from January 18, 2023, to July 18, 2023 ("Christina's Policy"). Christina's Policy listed two (2) insured vehicles, a 2013 Lincoln Navigator, VIN 5LMJJ2H53DEL08939, and a 2014 Infiniti Q60, VIN JN1CV6FE8EM902516, both with liability, UM, and UIM coverage limits of $250,000 each person and $500,000 each accident for bodily injury and $250,000 each accident for property damage. A complete and accurate copy of Christina's Policy is attached hereto as Exhibit C.

12.     William's Policy and Christina's Policy (collectively, the "Policies") provide coverage for certain risks under the insuring agreement and excludes certain risks through policy exclusions. Progressive craves reference to the Policies for all terms, conditions, and provisions therein and incorporates them by reference herein.

13.     The Policies have identical terms, and provide in pertinent part:

**GENERAL DEFINITIONS**
***

5.  "**Covered auto**" means:
    a.  any **auto** or **trailer** shown on the **declarations page** for the coverages applicable to that **auto** or **trailer**;
    b.  any **additional auto**;
    c.  any **replacement auto**; or
    d.  a **trailer** owned by **you**.

***

11. "**Relative**" means a person residing in the same household as **you**, and related to **you** by blood, marriage or adoption, and includes a ward, stepchild, or foster child. **Your** unmarried dependent children temporarily away from home will qualify as a **relative** if they intend to continue to reside in **your** household.

3

\*\*\*

### PART III – UNINSURED/UNDERINSURED MOTORIST COVERAGE

\*\*\*

**INSURING AGREEMENT—UNDERINSURED MOTORIST COVERAGE**

If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of:

1. an **underinsured motor vehicle** because of **bodily injury**:
   a. sustained by an **insured person**;
   b. caused by an accident; and
   c. arising out of the ownership, maintenance, or use of an **underinsured motor vehicle**; or
2. an **underinsured motor vehicle** because of **property damage**:
   a. caused by an accident; and
   b. arising out of the ownership, maintenance, or use of an **underinsured motor vehicle**.

**We** will pay under this Part III only after the limits of liability under all applicable liability bonds and policies have been exhausted by payment of judgments or settlements.

\*\*\*

**EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.**

Coverage under this Part III will not apply:

2. to **bodily injury** sustained by the owner of a motor vehicle if:
   a. the **bodily injury** is sustained while using or **occupying** that owned motor vehicle; and
   b. if uninsured motorist coverage or underinsured motorist coverage, as the case may be, has not been purchased for that motor vehicle;

\*\*\*

Coverage under this Part III will not apply to **property damage**:

\*\*\*

5. to any motor vehicle owned by **you**, a **relative**, or a **rated resident** if uninsured motorist coverage or underinsured motorist coverage, as the case may be, has not been purchased for that motor vehicle; or

**OTHER INSURANCE**

\*\*\*

However, when **you**, a **relative**, or a **rated resident** are operating, or **occupying**, a motor vehicle that is owned by **you**, a **relative**, or a **rated resident** but is not a **covered auto**, in that case, **our** total limit of liability

will be the lesser of the limit of liability listed on the **declarations page** or the amount of Uninsured Motorist Coverage or Underinsured Motorist Coverage, as the case may be, on the vehicle involved in the accident.

\*\*\*

14. Upon information and belief, William Rabsatt primarily drove the 2007 Jeep Wrangler involved in the underlying accident.

15. Upon information and belief, William Rabsatt was the owner of the 2007 Jeep Wrangler involved in the underlying accident.

16. Upon information and belief, William Rabsatt concedes that his policy does not provide underinsured motorists ("UIM") coverage. Moreover, upon information and belief, he has or will make claims for UIM policy limits under Christina's Policy for the injuries he allegedly sustained in the April 13, 2023, accident.

### FOR A FIRST DECLARATION

17. Progressive repeats and realleges the paragraphs above as if set forth verbatim herein.

18. Christina's Policy grants UIM coverage for damages an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury or property damage arising out of the ownership, maintenance, or use of an underinsured motor vehicle.

19. However, Christina's Policy contains an "other insurance" clause providing that when "'you,' a 'resident,' or a 'rated resident' are operating, or occupying, a motor vehicle that is owned by 'you,' a 'relative,' or a 'rated resident' but is not a 'covered auto,' in that case, Progressive's total limit of liability will be the lesser of the limit of liability listed on the declarations page or the amount of Uninsured Motorist Coverage or Underinsured Motorist Coverage, as the case may be, on the vehicle involved in the accident."

5

20.     Christina's Policy defines "you" as a person shown as a named insured on the "declarations page" and the spouse of a named insured if residing in the same household at the time of the loss.

21.     Christina's Policy defines "relative" as a person residing in the same household as "you," and related to "you" by blood, marriage, or adoption.

22.     Christina's Policy defines a "covered auto" as any auto or trailer shown on the declarations page for the coverages applicable to that auto or trailer; additional auto; any replacement auto; or a trailer owned by you.

23.     Upon information and belief, William Rabsatt is Christina Wenk-Rabsatt's relative and resided with Christina Wenk-Rabsatt at the time of the underlying accident.

24.     The 2007 Jeep Wrangler operated by William Rabsatt at the time of the underlying accident is not listed on Christina's Policy's Declarations Page, nor does it qualify as an additional auto, replacement auto, or trailer under Christina's Policy.

25.     Therefore, the 2007 Jeep Wrangler does not qualify as a "covered auto" under Christina's Policy.

26.     William Rabsatt owned the 2007 Jeep Wrangler and rejected UIM coverage under his policy insuring that vehicle.

27.     Therefore, Christina's Policy does not provide any UIM coverage for William Rabsatt's damages arising from the April 13, 2023, accident, and Progressive is entitled to a declaration that UIM coverage is not owed under Christina's Policy for the April 13, 2023, accident.

**FOR A SECOND DECLARATION**

28.     Progressive repeats and realleges the paragraphs above as if set forth verbatim herein.

29.     Christina's Policy also provides, that coverage under Part III will not apply "to 'bodily injury' sustained by the owner of a motor vehicle if the 'bodily injury' is sustained while using or 'occupying' that owned motor vehicle; and if . . . underinsured motorist coverage . . . has not been purchased for that motor vehicle."

30.     Additionally, Christina's Policy provides that coverage under Part III will not apply to 'property damage' to any motor vehicle owned by . . . a 'relative' . . . if . . . underinsured motorist coverage . . . has not been purchased for that motor vehicle."

31.     As noted above, William Rabsatt, Christina Wenk-Rabsatt's son and fellow household resident, owned the 2007 Jeep Wrangler and rejected UIM coverage under his personal automobile insurance policy insuring that vehicle.

32.     Therefore, for these additional reasons, Christina's Policy does not provide any UIM coverage for William Rabsatt's damages arising from the April 13, 2023, accident, and Progressive is entitled to a declaration that UIM coverage is not owed under Christina's Policy for the April 13, 2023, accident.

**WHEREFORE,** Progressive respectfully requests that this Court inquire into these matters and declare that the Policy issued to Christina Wenk-Rabsatt does not provide UIM coverage to William Rabsatt for any and all damages arising from the April 13, 2023, auto accident and that Progressive has no obligation to pay UIM benefits under that Policy for any and all claims by William Rabsatt arising out of the April 13, 2023, auto accident, together with such other and further relief as the Court may deem just and proper.

7

MURPHY & GRANTLAND, P.A.


_s/ J.R. Murphy_____

J. R. Murphy, Esquire (SC Bar No. 7941)
Scarlett B. Smith, Esquire (SC Bar No. 14565)
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
jrmurphy@murphygrantland.com
ssmith@murphygrantland.com
*Attorneys for Plaintiff Progressive Direct*
*Insurance Company*

Columbia, South Carolina
April 30, 2026